UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF COLUMBIA

ELITE ENTERTAINMENT, INC }
Suite 200 }
11211 Waples Mill Road }
Fairfax, Virginia -22030 }
   Serve: Onkar N.Sharma }
          Sharma Law Group }
          9911 Georgia Avenue }
          Silver Spring. MD-20902 }  Case: 1:08-cv-00641
                  Plaintiff }  Assigned To : Urbina, Ricardo M.
  }  Assign. Date : 4/14/2008
V. }  Description: TRO/PI
 }

HIMESH VIPINBHAI RESHAMMIYA }
d/b/a Himesh Reshammiya }
Movie Culture }
A-501, Sea Shell Apartments }
Seven Bungalows, }
Versova, ANDHERI (West) }
MUMBAI -400 061 }
                  Defendant }

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Elite Entertainment, Inc. ("Elite") moves this Honorable Court to grant a Temporary Restraining Order ('TRO") and "Preliminary Injunction" against Himesh Vipinbhai Reshammiya ("Himesh")requiring Himesh to provide, transfer and deliver to Elite: 1) Accounting of all revenues, actual expenses, supported by vouchers, copies of cancelled checks, invoices, books, records, financial statements, collectively hereinafter " Accounting and Supporting Documents

related to the Film; as set forth in Exh.B appended to the Complaint; and 2) Accounting of all revenues from the Worldwide live performances and release of other productions by Himesh, collectively hereinafter Accounting of All Revenues, more fully described and listed as Exhibit C appended to the Complaint, dated April 14, 2008. In support of this Motion Elite incorporates the enclosed Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction, and the Complaint dated April 14, 2008, Affidavit of Vijay Taneja Exh. A, and Exhibits B&C

**WHEREFORE**, for all the foregoing reasons Elite requests entry of an order granting Elite's Motion for a Temporary Restraining Order and Preliminary Injunction against Himesh.

                                           Respectfully Submitted
                                           Sharma Law Group

                                           By _____
                                               Onkar N. Sharma
                                               D.C. Bar # 217810

Sharma Law Group
9911 Georgia Avenue
Silver Spring, MD-20902
Phone: 301-593-1983
Fax : 301-681-1222

**UNITED STATES DISTRICT COURT**
**FOR THE DISCTRICT OF COLUMBIA**

| | |
|---|---|
| **ELITE ENTERTAINMENT, INC** <br> Suite 200 <br> 11211 Waples Mill Road <br> Fairfax, Virginia -22030 <br>     Serve:  Onkar N.Sharma <br>             Sharma Law Group <br>             9911 Georgia Avenue <br>             Silver Spring. MD-20902 <br>                         **Plaintiff** <br><br> V. <br><br> **HIMESH VIPINBHAI RESHAMMIYA** <br>  d/b/a Himesh Reshammiya <br>  Movie Culture <br>  A-501, Sea Shell Apartments <br>  Seven Bungalows, <br>  Versova, ANDHERI (West) <br>  MUMBAI -400 061 <br>                         **Defendant** | Case No. |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR A TEMPORARY RESTRAINING**
**ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Elite Entertainment, Inc. ("Elite"), through its undersigned Counsel, submits this Memorandum of law in support of its Motion for a Temporary Restraining and Preliminary Injunction order requiring Defendant Himesh Vipinbhai Reshammiya ("Himesh") to provide, transfer and deliver to Elite Accounting of all revenues, actual expenses, supported by vouchers, copies of cancelled checks, invoices, books, records, financial statements, and bank statement collectively hereinafter "Accounting and Supporting Documents related to the Film" as set forth in Exh.B appended to the Complaint, and accounting of all

revenues from the Worldwide Live Performances and release of other Production by Himesh, collectively hereinafter Accounting of All Revenues, as set forth in Exh.C, appended to the Complaint.

## I. PRELIMINARY STATEMENT

Elite is engaged in the business of, interalia, promoting performances of live shows of Bombay Film Industry's (Bollywood) artist and move stars in the United States of America and other Countries. Elite has provided to Himesh more than $ 9 million ("Film Investments"), since September 2006, to produce, distribute, and exhibit a movie known as "Aap Ka Surror", The Real Luv Story (the "Film"). The movie has been produced and released on June 29, 2007. Himesh is continuing to receive the revenues from the distribution of the Film, and licensing/sale of intellectual property rights of the Film. Pursuant to terms of the Agreement, Elite's Film Investment is secured by revenues of the Film, and all revenues from the Worldwide live productions and other releases of Himesh. Himesh has distributed $1.8 million to Elite from the Film revenues. Elite has absolute right under the Agreement to require Himesh to provide a complete and true accounting of all revenues and expenses related to the Film, and provide a complete and true accounting of all revenues of the Worldwide Live Performances, and release of other productions of Himesh. Elite has demanded from Himesh true and correcting accounting of all revenues and expenses related to the Film, and accounting of all revenues of Worldwide live performances of Himesh. Himesh has failed and/or refused to provide the same.

Accordingly, Elite seeks emergency relief from the Court in the form of a temporary restraining order, followed by preliminary injuction directing Himesh to immediately provide, transfer and deliver to Elite:

1) Accounting of all revenues, actual expenses, supported by vouchers, copies of cancelled checks, invoices, books, records, financial statements and bank statements, collectively hereinafter "Accounting and Supporting Documents related to the Film; as set forth in Exh. B appended to the Complaint; and 2) Accounting of all revenues from the Worldwide live performances and release of other production by Himesh, collectively hereinafter Accounting of All Revenues, more fully described and listed as Exhibit C appended to the Complaint, dated April    2008.

## II.    STATEMENT OF FACTS

Mr. Vijay Taneja, President of Elite has verified under the penalty of perjury as follows ( As per Affidavit with Att.1, collectively identified as Exh.A appended to the Complaint dated _____ ):

1) In September 2006, Himesh gave live performance sponsored by Elite Entertainment Inc.,("Elite") in Washington D.C. Metropolitan Area.

2) In September 2006, Himesh offered to me the following business deal elements to produce the Film:

3

    a) Joint Production of the Film at an estimated cost of Indian Rupees 40 Crore to be invested by me (appx. U.S. $ 10 Million).

    b) Production of the Film projected to be completed by February 2007.

    c) The Film was estimated to produced revenues in the range of Indian Rupees 100 to 150 Crores (US $ 25 Million to 37.5 Million).

    d) The parties agreed to equally share profit from the film, 50% each after return of my estimated investment of Rupees. 40 Crores or approximately U.S. $10 Million.

    e) My investment in the Film is secured by my rights to revenues from the "World wide live performances, and release of other productions of Himesh".

3)    I accepted the business deal elements and joined Himesh in executing Agreement dated September 25, 2006 (the 'Agreement"). A true and correct copy of the Agreement appended to this Affidavit. In all my dealings with Himesh, I have acted on behalf of Elite, A Virginia Corporation, owned by me.

4)    Pursuant to the Agreement I have transferred from my Elite bank account(s) at BB&T bank in the District of Columbia to Himesh the funds set forth in the chart below. In addition Himesh has collected in excess of Indian Rupees (INR) 84,800,000.00 or U.S.$ 2,120,000.00, from licensing of Film's distribution, musical rights and intellectual property rights. Accordingly,

4

Himesh is required to account for the Film's total receipts in excess of INR 402,814,128.00 or U.S.$ 9,344,950.00, collectively hereinafter "Film's Investment".

| Sr.No. | Date | TTNo | USD | INR |
|---|---|---|---|---|
| 1. | 28.9.2006 | TTMNY 270090802 | 949980 | 43509084.00 |
| 2. | 10.11.2006 | TTMNY 313090136 | 999980 | 44319113.60 |
| 3. | 14.2.2007 | TTMNY 040105612 | 999930 | 43926924.90 |
| 4. | 26.2.2007 | TTMNY 054060382 | 849980 | 37441619.00 |
| 5. | 28.2.2007 | TTMNY 058084268 | 659980 | 28664118.00 |
| 6. | 6.3.2007 | TTMNY 064108527 | 699980 | 31000714.24 |
| 7. | 17.3.2007 | TTMNY 074103134 | 499980 | 21935372.55 |
| 8. | 29.3.2007 | TTMNY 085109133 | 599973 | 25828837.65 |
| 9. | 18.4.2007 | TTMNY 106097462 | 549980 | 22879168.00 |
| 10. | 3.5.2007 | TTMNY 117108149 | 424980 | 17509176.00 |
| GROSS TOTAL | | USD | 7,224,743.00+ 207.00 fees | INR 317014127.94 |

5) Production of Film has been completed and it was released on June 29, 2007.

5

6)  Pursuant to the Agreement, Himesh is obligated to use Film's Investment only to produce the Film.

7)  Himesh has distributed to me INR 70,500,000.00 (Rs.7.5 Crore) or U.S.$ 1.8 million out of the revenues generated by the Film.

8)  Despite my demands, Himesh has refused to provide to me accounting of all revenues, actual expenses, supported by vouchers, copies of cancelled checks, invoices, books, records, financial statements and bank statements related to the Film. Himesh has further refused to provide to me the evidence to support application of the Film's Investment to production of the Film.

9)  Himesh is obligated to provide to me accounting all revenues, expenses, invoices, books, records, financial statements and bank statements, related to the Film. In addition Himesh is obligated to provide to me accounting of all revenues and expenses of his Worldwide performances and release of other productions since September 2006. Himesh has confirmed to me his promise to secure my investment in Film on at least five (5) times before and signing the Agreement. Himesh has further agreed to implement his promise to return the Film Investment to me by providing to me accounting of application of the Film

6

Investment provided by me and securing its return from the revenues of his "Worldwide live performances and release of other productions".

10) Himesh has refused to produce the accounting of all revenues and expenses from his "Worldwide Live performances and release of other Productions" since September 2006.

11) Himesh is continuing to perform live shows and release other productions including but not limited to the performances in India.

12) I am entitled to accounting of application of Film's Investment provided by me to Himesh.

13) As a direct result of this situation, Elite is faced with cash and credit crunch. Elite has not performed any show in 2008. Elite faced with immediate threat to its ability to continue its successful business of promoting international live performances of Bollywood stars.

14) I am faced with immediate harm as a result of continuing refusal of Himesh to provide to me accounting, books and records, invoices, cancelled

7

checks supporting bank statements, actual expenses, and financial statements relating to the Film, his Worldwide live performances, and other productions. This harm is continuing and irreparable.

15) In the absence of injunctive relief and temporary restraining order against Himesh I will be deprived of an opportunity to effectively enforce the terms of the Agreement, and suffer an immediate and irreparable harm.

I have no other remedy at law or equity to protect my interest and enforce my contractual rights against Himesh.

### III ARGUMENT

A motion for a temporary restraining order is subject to the same standard as motion for preliminary injunction: (i) irreparable harm, (ii) a balance of the equities in Plaintiff's favor, and (iv) greater injury will result from denying the TRO than from it being granted, see Serono Labs Inc., v. Shalala, 158 F.3d 1313, 1317-18 (D.C.Cir.1998).

The Court need not decide jurisdictional issues, prior to entering a preliminary injunction. Belbacha v. Bush No. 07-5258 (D.C.Cir.March 14, 2008) under the ALL writs Act, the district court retains the authority to preserve the status quo by issuing a preliminary injunction. A Preliminary injuction is "an extra ordinary remedy that should be granted only when the party seeking the relief, by a

8

clear showing, carries the burden of persuasion". Cobell v. Morton, 391 F.2d 258 (D.C.Cir.2004).

In addition to prohibiting actions that would alter the status quo, temporary restraining orders any preliminary injunctions may require that the defendant take specified. See Johnson v. Kay, 860 F.2d 529, 540 (2nd Cir.1988). The purpose of a temporary restraining order is to "preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing, and no longer", Granny Goose Foods, Inc. v. Bbd.of Teamasters &Auto Truck Driver, 415 U.S.423, 439, 945 Ct. 1113, 39 L.Ed. 2d 435(1974). In this case economic potential of damage to Elite constitutes irreparable injury because the loss threatens the Elite's ability to survive. Without access to Accounting and Supporting Documents, and Accounting of All Revenues, Elite is faced with losses in excess of $10 Million. Economic Damage may constitute irreparable injury if the loss "threatens the very existence of Plaintiff" business. Barton V. District of Columbia, 131 F. Supp.2d 236,247 (D.DC 2001).

Mandatory emergency relief is particularly appropriate and necessary to remedy of a rogue party's wrongful retention of mortgage loan files. Federal Home Loan Mortgage Co. v. American Home Mortgage No. 3:07-cv-1335-L, 2007, WL 1228619 (N.D.Tex Aug.3, 2007).

In this case Himesh's refusal to providing the Accounting and Supporting Documents related to the Film, Accounting of All Revenues more fully described and set forth in Exhibits B&C of the Complaint, and his continuing receipt of revenues from the distribution and exhibition of the Film, and sales of intellectual and property rights of Film, has presented to this Court damages that are purely monetary and likely to result in irreparable harm to Elite. In addition, there is a clear prospect of irreparable harm not only to Elite but to the Lenders who have loaned monies to Elite. It appears that Himesh is facing financial issues that may adversely impact his ability to return funds to Elite. Under the terms of the Agreement Elite is likely to succeed on the merits to enforce Himesh's obligation to provide a complete and true accounting of the Film Investment, the expenses required to produce, distribute, and exhibit the Film, revenues produced by the Film, and the revenues generated by the Worldwide performance and release of other productions of Himesh.

Moreover, extra ordinary circumstances warranting a mandatory TRO and preliminary injunction are present in this case. Elite President Vijay Taneja is a non-resident of Indian Origin, is citizen of U.S.A. Mr. Taneja's investment of approximately $ 10 million in the Bollywood Film Industry can only be protected by requiring the Defendant Himesh, the local producer of the Film to provide complete and true accounting of all revenues and expenses related to the Film, and

10

accounting of all other revenues as per terms of the Agreement. Himesh is exercising unjustified power and domain over the property of Elite. Himesh is using the physical distance of approximately 10, 000 miles between Washington D.C and Mumbai to deprive Elite access to the Accounting and Supporting Documents required to enforce Elite's rights. Granting of the TRO requested by Elite will promote and protect the public interest. Pursuant to Rule 65(b) This Honorable Court has the authority to issue TRO without notice and an opportunity to be present.

## CONCLUSION

For the foregoing reasons, Elite respectfully request that the Court Order Himesh to immediately provide, transfer, and deliver to Elite :

1) Bank Statements from September 2006 to Current for Account Numbers:

    i) 110-050978-001, Hong Kong & Sanghai Banking Corp.Ltd. Lokhandwala Branch, Andheri (West), Mumbai, India.

    ii) All Accounts maintained by Himesh V. Reshaammiya d/b/a Reshammiya Movie Culture with Dutsche Bank, and all other banks.

    iii) All cancelled checks.

2) Evidence of all actual expenses e.g invoices, voucher and proof of payment of each expense items by cancelled check or other evidence of receipt for payment of actual expenses including but not limited to payments to each Artist, Director and his team, Technicians, Lab Editing,

11

still photo and stock, music, travelling within and outside India, setting and properties, action and thriller expenses, costume for Artists, Dancers, Junior Artist, automobile expense, professional fees, conveyance, insurance, printing and stationary, promo, launch and distribution expenses, hotel charges, food expenses, and sound and light charges.

3) All files, books of records, documents, maintained in the regular course of business since September 2006.

4) All financial statements audited and/or unaudited since September 2006.

5) All tax returns since September 2006.

6) All items supplemented upon completion of discovery.

7) List of each live performance of Himesh since September 2006.

8) List each production released by Himesh since September 2006.

9) Bank statements from September 2006 to current for all bank account maintained by Himesh V. Rashammiya and / or Rashammiya Movie Culture to deposit the revenues generated by items 1 and 2 above.

10) All files, books of records documents for item 1 and 2 above, maintained in the regular course of business.

11) All financial statement audited and/or unaudited for item 1 and 2 above.

12) All tax returns since September 2006.

13) All items supplemented upon completion of discovery.

Dated : April 14, 2008.

Respectfully Submitted
Sharma Law Group

By _Onkar Sharma_
Onkar N. Sharma
# 21780

12

## UNITED STATES DISTRICT COURT
## FOR THE DISCTRICT OF COLUMBIA

| | |
|---|---|
| ELITE ENTERTAINMENT, INC <br> Suite 200 <br> 11211 Waples Mill Road <br> Fairfax, Virginia -22030 <br>     Serve: Onkar N.Sharma <br>           Sharma Law Group <br>             9911 Georgia Avenue <br>             Silver Spring. MD-20902 <br>                   Plaintiff <br> <br> V. <br> <br> HIMESH VIPIN BHAI RESHAMMIYA <br> d/b/a Himesh Reshammiya <br> Movie Culture <br> A-501, Sea Shell Apartments <br> Seven Bunglows, <br> Versova, ANDHERI (West) <br> MUMBAI -400 061 <br>                  Defendant | Case No. 1:08 CV 00641 |

**CERTIFICATION PURSUANT TO LOCAL RULE 65.1**

Pursuant to Local Rule 65.1 the undersigned counsel certifies that on April 11, 2008, at approximately 6.15 p.m, I emailed courtesy copy of Complaint with Exhibits A, B and C, Motion and Supporting Memorandum for Temporary Restraining Order and Preliminary Injunction and Proposed Order to Mr. Himesh Vipinbhai Reshammiya at his email : Reshammiya@yahoo.com. Our electronic email confirms that email not been rejected and/or returned to us.

Accordingly, this writing confirms that the email has been delivered to the intended addressee.

Respectfully Submitted

Onkar N. Sharma
Bar No. 217810    4/14/08

Sharma Law Group
9911 Georgia Avenue
Silver Spring
MD -20902
Phone: 301-593-1983
Fax : 301-681-1222

UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF COLUMBIA

| | |
|---|---|
| ELITE ENTERTAINMENT, INC<br>Suite 200<br>11211 Waples Mill Road<br>Fairfax, Virginia -22030<br>    Serve:  Onkar N.Sharma<br>               Sharma Law Group<br>               9911 Georgia Avenue<br>               Silver Spring. MD-20902<br>                         Plaintiff<br><br>V.<br><br>HIMESH VIPINBHAI RESHAMMIYA<br> d/b/a Himesh Reshammiya<br>Movie Culture<br>A-501, Sea Shell Apartments<br>Seven Bungalows,<br>Versova, ANDHERI (West)<br>MUMBAI -400 061<br>                        Defendant | Case No. 1:08-CV-00641 |

## ORDER

Upon consideration of Plaintiff Elite Entertainment Inc.'s Motion for a Temporary Restraining Order and Preliminary Injunction, supporting Memorandum of law, Affidavit of Vijay Taneja, Complaint, Defendant Himesh Vipinbhai Reshammiya's response, if any, thereto, and the entire record, it is this ____ day ____ 2008.

ORDERED that Defendant shall deliver to Elite, by _____ April, 2008, Accounting and Supporting Documents related to Production, Distribution and release of the Film, Aap Ka Suroor, as set forth in Exh B, and Accounting of All Revenues from the Worldwide live performances and release of other productions by Himesh, as set forth in Exh C, appended to the Complaint, and attached to this order.

                                                                                                _____

                                                                                                JUDGE, USDC

Cc : Onkar N. Sharma
      Sharma Law Group
      9911 Georgia Avenue
      Silver Spring
      MD -20902

      HIMESH VIPINBHAI RESHAMMIYA
      d/b/a Himesh Reshammiya Movie Culture
      A-501, Sea Shell Apartments
      Seven Bungalows,
      Versova, ANDHERI (West)
      MUMBAI -400 061