**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELITE ENTERTAINMENT, INC., : | |
| : | |
| Plaintiff, : | Civil Action No.:  08-0641 (RMU) |
| : | |
| v. : | Document No.:  2 |
| : | |
| HIMESH VIPINBHAI RESHAMMIYA, : | |
| : | |
| Defendant. : | |

**MEMORANDUM ORDER**

**DENYING THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

**I.  INTRODUCTION**

This case comes before the court on the plaintiff's motion for a temporary restraining order.  The plaintiff, Elite Entertainment, represents itself as a business promoting performances of live shows of Bombay Film Industry ("Bollywood") artists and movie stars in the United States and other countries.  Pl.'s Mot. for TRO at 2.  Elite alleges that it has provided Himesh Reshammiya, the defendant, more than $9 million since September 2006 to produce, distribute, and exhibit a movie known as "Aap Ka Surror, The Real Luv Story."  *Id.*  While the plaintiff concedes that the defendant has distributed $1.8 million to Elite from the film's revenues since that time, it maintains that the defendant has refused "to provide a complete and true accounting of all revenues and expenses related to the film, and . . . of all revenues of the Worldwide Live Performances, and release of other productions."  *Id.*  Accordingly, the plaintiff asks the court for a temporary restraining order directing the defendant "to immediately provide, transfer and deliver" to Elite an accounting of all revenues and expenses with supporting documentation relating to the film and any related live performances or releases.  *Id.*

On April 14, 2008, the plaintiff filed a 4-count complaint claiming breach of contract,

specific performance, conversion, and unjust enrichment. *See generally* Compl. The plaintiff contemporaneously filed a motion for a temporary restraining order and a motion for a preliminary injunction. In accord with Local Civil Rule 65.1(a), the filing includes a certification that the plaintiff attempted to provide notice by e-mailing a copy of the complaint and motions to the defendant. LCvR 65.1(a).

From April 14, 2008 through April 16, 2008, the court attempted to coordinate a joint telephonic conference call with the parties, but was unable to make contact with the defendant or the defendant's attorney to solicit his position on the TRO.

## II. ANALYSIS

### A. Legal Standard for a Temporary Restraining Order

The court may issue a temporary restraining order ("TRO") when a movant is faced with the possibility that irreparable injury will occur before the hearing for a preliminary injunction required by Federal Rule of Civil Procedure 65(a) can be held. FED. R. CIV. P. 65(b)(1). The purpose of a TRO, thus, is to maintain the status quo of a case until the court has an opportunity to hear a request for fuller relief. *Id.*; *see e.g.*, *Hosp. Resource Personnel, Inc. v. United States*, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (explaining that the purpose of a TRO is to preserve the status quo pending a hearing for a preliminary or permanent injunction). When considering a motion for a temporary restraining order, the court turns to the factors relevant to the determination of whether to grant a preliminary injunction. *Sobin v. Bechtol*, 168 Fed. Appx. 452, 452 (D.C. Cir. 2005) (citing *Jacksonville Port Auth. v. Adams*, 556 F.2d 52, 57 (D.C. Cir. 1977)); *see, e.g.*, *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) (acknowledging that

"[t]he standards for a temporary restraining order are the same as those for a preliminary injunction").

> The court may issue a preliminary injunction only when the movant demonstrates:
>
> (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see also World Duty Free Americas, Inc. v. Summers*, 94 F. Supp. 2d 61, 64 (D.D.C. 2000). The district court must balance the strengths of the moving party's arguments on each of the four factors. *CityFed Fin. Corp.*, 58 F.3d at 747. "These factors interrelate on a sliding scale and must be balanced against each other." *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 360-61 (D.C. Cir. 1999) (citing *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998)); *see also WMATA v. Holiday Tours, Inc.*, 559 F.2d 841, 842-43 (D.C. Cir. 1977) (the court "examines each requirement in light of the others to determine whether an injunction would be proper").

In addition, a particularly strong showing on one factor may compensate for a weak showing on one or more of the other factors. *Serono Labs., Inc.*, 158 F.3d at 1318. "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747. If the plaintiff makes a particularly weak showing on one factor, however, the other factors may not be enough to compensate. *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507 (D.C. Cir. 1995), amended on other grounds on reh'g, 66 F.3d 1226 (D.C. Cir. 1995). It is particularly important for the movant to demonstrate a substantial likelihood

of success on the merits. *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam). Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Natl. Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

Moreover, the other salient factor in the injunctive relief analysis is irreparable injury. A movant must "demonstrate at least 'some injury'" to warrant the granting of an injunction. *CityFed Fin. Corp.*, 58 F.3d at 747 (quotation omitted). Indeed, if a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors. *Id.* It is well-settled that economic loss alone will rarely constitute irreparable harm. *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985); *Barton v. District of Columbia*, 131 F. Supp. 2d 236, 247 (D.D.C. 2001) (Urbina, J.). In the business context, however, the well-settled exception to the rule is that if the potential harm could threaten the very existence of the business, a court may deem such harm irreparable. *E.g.*, *Wisconsin Gas Co.*, 758 F.2d at 674. For instance, in *Hamlyn v. Rock Island County Metro. Mass Transit Dist.*, the court held that:

> The rule is clear: monetary loss does not constitute an irreparable injury because a successful plaintiff can be adequately compensated at the conclusion of the litigation. There are four possible exceptions to this rule: (1) the plaintiff is so poor that he would be harmed in the interim by the loss of the monetary benefits; (2) the plaintiff would be unable to finance his lawsuit without the money he wishes to recover; (3) the damages would be unobtainable from the defendant because it will be insolvent prior to the final judgment; and (4) the nature of the plaintiff's loss may make damages very difficult to calculate.

960 F. Supp. 160, 162 (C.D. Ill. 1997) (citing *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1994)) (internal citations omitted); *see also Chapman v. South Buffalo Ry.*

*Co.*, 43 F. Supp. 2d 312, 318 (W.D.N.Y. 1999); *Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1248 (E.D.N.Y. 1986) ("the plaintiff must quite literally find himself being forced into the streets or facing the spectre of bankruptcy before a court can enter a finding of irreparable harm").

Finally, because preliminary injunctions are extraordinary forms of judicial relief, courts should grant them sparingly. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). As the Supreme Court has said, "[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* (citation omitted). Although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. *Ambach v. Bell*, 686 F.2d 974, 979 (D.C. Cir. 1982). In addition, any injunction that the court issues must be carefully circumscribed and tailored to remedy the harm shown. *Natl. Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990) (citation omitted).

**B. The Plaintiff Has Not Demonstrated Irreparable Injury Sufficient to Warrant a TRO**

The plaintiff asserts that as a result of the defendant's failure to provide a financial accounting of the film revenues and expenses, "Elite is faced with [a] cash and credit crunch. Elite has not performed any show in 2008. Elite [is] faced with [an] immediate threat to its ability to continue its successful business." Pl.'s Mot. for TRO at 7. The plaintiff states, without more, that it is "faced with immediate harm . . . [that is] continuing and irreparable." *Id.* at 7-8. The plaintiff admits that the prospective damages are purely monetary, but insists that it is likely to suffer irreparable harm because the defendant "is facing financial issues that may adversely impact his ability to return funds to Elite." *Id.* at 10.

5

These allegations do not suffice to demonstrate that the plaintiff is facing the prospect of irreparable injury sufficient to warrant a TRO. Firstly, the plaintiff has not satisfied any of the exceptions to the rule that monetary loss alone does not constitute irreparable injury. *Barton*, 131 F. Supp. 2d at 247. The plaintiff only alleges that it is faced with an "immediate threat" to its business. *Id.* at 7. The plaintiff does not indicate what this threat specifically is – bankruptcy, insolvency, etc. – and the plaintiff does not substantiate the allegation with any supporting evidence; in fact, it does the opposite by representing that the defendant has paid it $ 1.8 million in the past two years. *Hamlyn*, 960 F. Supp. at 162 (requiring financial destitution so extreme as to make future recovery nearly impossible).

Secondly, the plaintiff does not demonstrate how a TRO would enable it to stave off any imminent financial catastrophe. The plaintiff is essentially seeking expedited discovery of the defendant's records related to the film. *See* Pl.'s Mot. for TRO at 11-12 (requesting, *inter alia*, bank statements, expense invoices and vouchers, books of records, financial statements, tax returns, list of live performances and productions). It has not presented any evidence suggesting a likelihood that such disclosures will reveal that the defendant owes the plaintiff significant sums of money or that those sums will be substantial and timely enough to avert an impending financial catastrophe. *Cf. CityFed Fin. Corp.*, 58 F.3d at 747 (suggesting that "[a]n injunction may be justified . . . where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury"); *see D'Acquisto v. Washington*, 640 F. Supp. 594, 627 (N.D. Ill. 1986) (requiring showing of nexus between injury and injunctive relief).

Thirdly, because the relief the plaintiff seeks would change the status quo, the court

concludes that the motion should be characterized as requesting a mandatory injunction. A mandatory injunction requires the moving party to meet a higher standard than in the case of an ordinary injunction: the movant must show "clearly" that she is entitled to relief or that extreme or very serious damage will result. *Adair v. England*, 217 F. Supp. 2d 1, 3 n.6 (D.D.C. 2002); *Veitch v. Danzig*, 135 F. Supp. 2d 32, 35 (D.D.C. 2001); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994) (noting that "[i]n cases such as the one before us in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction"); *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025-26 (2d Cir. 1985) (same); *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) (same). The D.C. Circuit has not yet adopted or, for that matter, rejected this rule. *Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 834 n. 31 (D.C. Cir. 1984) (stating that "[i]n this circuit, however, no case seems to squarely require a heightened showing, and we express no view as to whether a heightened showing should in fact be required"); *see also Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo-Mitsubishi, Ltd.*, 159 F.3d 636, at *1 (D.C. Cir. 1998) (unpublished table decision) (declining to "reach the question whether the district court erred in holding that the standard applicable to a mandatory preliminary injunction is higher than that applicable to a prohibitory preliminary injunction"). Nevertheless, this court considers it a relevant fact bearing on the equities of the case, especially in light of the inability of the court to solicit the defendant's position on the matter. Even without the burden of facing opposition, that plaintiff has failed to demonstrate any irreparable injury that would be averted by a mandatory injunction requiring the defendant to immediately produce a financial accounting. Furthermore, because the plaintiff

seeks to alter rather than preserve the status quo, a TRO is an inappropriate remedy.  FED. R. CIV. P. 65(b)(1).

### III.  CONCLUSION

Accordingly, it is this 18th day of April, 2008, hereby

**ORDERED** that the plaintiff's motion for a temporary restraining order is **DENIED**;

**FURTHER ORDERED** that the parties shall, no later than April 24, 2008, submit a joint proposed briefing schedule for the court's resolution of the plaintiff's outstanding motion for a preliminary injunction.

**SO ORDERED**.

    RICARDO M. URBINA  
    United States District Judge