## UNITED STATES DISTRICT COURT
## FOR THE DISCTRICT OF COLUMBIA

| | |
|---|---|
| **ELITE ENTERTAINMENT, INC** } | |
| **Suite 200, 11211 Waples Mill Road,** } | |
| **Fairfax, Virginia -22030** } | |
| **Serve: Onkar N.Sharma** } | |
| **Sharma Law Group** } | |
| **9911 Georgia Avenue** } | |
| **Silver Spring. MD-20902** } | |
| **Plaintiff** }**Case No.1:08-CV-00641** | |
| **V.** } | |
| **HIMESH VIPINBHAI RESHAMMIYA** } | |
| **d/b/a Himesh Reshammiya** } | |
| **Movie Culture** } | |
| **A-501, Sea Shell Apartments** } | |
| **Seven Bungalows,** } | |
| **Versova, ANDHERI (West)** } | |
| **MUMBAI -400 061** } | |
| **Defendant** } | |

### PROPOSED BRIEFING SCHEDULE FOR THE COURT'S
### RESOLUTION OF THE PLANTIFF'S MOTON
### FOR A PRELIMINARY INJUNCTION

Pursuant to court order dated April 18, 2008, directing parties to submit A joint proposed briefing schedule for the Court's resolution of the Plaintiff's outstanding motion for a preliminary injunction by April 24, 2008, Elite Entertainment, Inc. ("Elite") submits as follows:

1)   Elite has proposed a hearing date of April 28, 2008 at 10 a.m. This date and Court's order have been forwarded to the Defendant by email on April 22, 2008. A true copy of the mail appended as Exh.1 is incorporated herein.

2)  On April 24, 2008, Elite has received e.message from Atul Desai, counsel for the Defendant with an Affidavit and what appears to be an attempted reply to the Plaintiff's Complaint. A true copy of e.message with the attachments is appended as Exh.2. This document enclosed is, only to establish that Mr. Himesh has been served with the Summons, Complaint, and Motion papers. Elite reserves its objection to the admission and further consideration of this document.

3)  On April 24, 2008, Elite's proposed hearing date of April 28, 2008 has also been brought to the attention of Atul Desai, Esq., counsel for the Defendant.

4)  As of the time of this filing, no response has been received from Mr. Himesh or his counsel Atul Desai, Esquire.

5)  Elite incorporates its Supplemental Brief in Support of Preliminary Injunction being simultaneously filed with the Court.

**WHEREFORE**, for all the foregoing reasons Elite prays entry of an order to schedule a hearing on April 28, 2008 at 10 a.m to consider Elite's Motion For Preliminary Injunction.

Respectfully Submitted

_____
Onkar N.Sharma
D.C.Bar # 21780

Sharma Law Group
9911 Georgia Avenue
Silver Spring, MD-20902
Phone: 301-593-1983
Fax : 301-681-1222

## CERTIFICATE OF SERVICE

**I HEREBY** certify that on this ___ day of April, 2008, I have sent a copy of the foregoing Proposed Briefing Schedule by Overnight Courier/First Class postage prepaid/hand delivered to :

1)     Atul Desai, Esquire

        (by email :  atul.desai@kangacompany.com)

2)     By email: reshammiya@yahoo.com
       and U. S. Airmail

       Mr. Himesh Vipinbhai Reshammiya
       d/b/a Himesh Reshammiya Movie Culture
       A-501, Sea Shell Apartments
       Seven Bungalows,
       Versova, Andheri (West)
       MUMBAI -400 061, India

                                    _____
                                    Onkar N.Sharma

# EXHIBIT -1

**Print Message**                                    **Close this window**

**From** lawonkar@verizon.net
**Date** 2008/04/22 Tue PM 03:46:32 CDT
**To** reshammiya@yahoo.com
**Subject** Re: Elite Entertainments Inc. v. Himesh Vipinbhai Reshammiya, Case 1:08-cv-00641

Dear Mr. Reshammiya :

We enclose a copy of the court order directing the parties to submit by April 24, 2008, "a join proposed briefing schedule for the court's resolution of the plaintiff's outstanding motion for a preliminary injunction". (Copy of order dated April 18, 2008 is attached.)

The summons and complaint papers have been served on April 21, 2008 at your office attention: Mr. Rahul Sheth, who has indicated that he is authorized to accept the official documents on your behalf. We propose the hearing date of April 28, 2008 at 10.00 a.m. Kindly contact our office or have your attorney confirm the hearing date and/or participate in the telephone conference call with the contact information.
Your prompt attention in this matter is truly appreciated.

Onkar Nath Sharma

Sharma Law Group
9911 Georgia Avenue
Silver Spring,MD 20902
Phone: 301-593-1983
Fax: 301-681-1222
email:lawonkar@verizon.net

This electronic mail message, and any attachments transmitted with it, contain privileged and confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail, and delete all copies of this communication from your computer and network.
Thank You.

---

Download Attachment ELITE ENTERTAINMENT Vs. HIMESH VIPINBHAI.pdf

 

**From** DCD_ECFNotice@dcd.uscourts.gov
**Date** 2008/04/18 Fri AM 10:39:37 CDT
**To** DCD_ECFNotice@dcd.uscourts.gov
**Subject** Activity in Case 1:08-cv-00641-RMU ELITE ENTERTAINMENT, INC v. RESHAMMIYA Set/Reset Deadlines/Hearings

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**U.S. District Court**

**District of Columbia**

## Notice of Electronic Filing

The following transaction was entered on 4/18/2008 at 11:39 AM and filed on 4/18/2008
**Case Name:** ELITE ENTERTAINMENT, INC v. RESHAMMIYA
**Case Number:** 1:08-cv-641
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set/Reset Deadlines/Hearings: Parties shall submit a join proposed briefing schedule for the Court's resolution of the plaintiff's outstanding motion for a preliminary injunction is due by 4/24/2008. (jwd)**

**1:08-cv-641 Notice has been electronically mailed to:**

Onkar Nath Sharma  lawonkar@verizon.net

**1:08-cv-641 Notice will be delivered by other means to::**

# EXHIBIT -2

| Print Message |    | Close this window |

*replied ss*

**From** atul.desai@kangacompany.com, atul.desai@kangacompany.com
**Date** 2008/04/24 Thu AM 02:50:39 CDT
**To** lawonkar@verizon.net
**CC** reshammiya@yahoo.com
**Subject** Reply & Affidavit

Please see attachments.

Regards,
Atul Desai.

---

Effective from 3rd March 2008 we will have an additional Telephone Number 66230000 (with 30 lines)
This e-mail is confidential and may well also be legally privileged. If you have
received it in error, you are on notice of its status. Please notify us immediately by
reply e-mail and then delete this message from your system. Please do not copy it
or use it for any purposes, or disclose its contents to any other person: to do so
could be a breach of confidence. Thank you for your co-operation. Please contact
on +91-22-66332288 or email mail@kangacompany.com if you need assistance

--------------------------------
Kanga & Co. (Regd), Mumbai, India

---

Download Attachment Himesh Aff. scan.tif

---

Download Attachment reply scan.tif

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA



| | | |
|---|---|---|
| Elite Entertainment, INC, Suite 200 | ) | |
| 11211 Waples Mill Road, Fairfax, | ) | Case: 1 : 08 –cv-00641 |
| Virginia – 22030, | ) | Assigned To : Urbina, Ricardo M. |
| | | Assign. Date : 4/14/2008 |
| | ) | Description : TRO/P1 |
| Serve : Onkar N. Sharma, Sharma | ) | |
| Law Group, 9911 Georgia Avenue, | ) | |
| Silver Spring, MD – 20902 | ) | ... Plaintiff |
| Versus | | |
| Himesh Vipinbhai Reshammiya | ) | |
| d/b/a Himesh Reshammiya, Movie | ) | |
| Culture, A – 501, Sea Shell | ) | |
| Apartments, Seven Bungalows, | ) | |
| Versova, Andheri (West), Mumbai – | ) | |
| 400 061. | | ... Defendant |

## AFFIDAVIT OF HIMESH VIPINBHAI RESHAMMIYA

I, Himesh Vipinbhai Reshammiya of Mumbai Indian Inhabitant age 36
years do hereby solemnly affirm and say as under:

c:/affidavit/himesh reshammiya-aff.                                        1

2.      I repeat, reiterate and confirm all the statements and submissions made by me in my Reply to the Complaint filed by Plaintiff, as if, fully set forth herein.

3.      I have also read a copy of the Affidavit of Plaintiff affirmed on 11th April 2008 and I again repeat, reiterate and confirm what is stated by me in my Reply to the Complaint filed by Plaintiff and I deny all the submissions and allegations contained in the Affidavit of Plaintiff which are in any way contrary to or inconsistent with what is stated by me in my Reply to the Complaint filed by Plaintiff. I submit that no statement and allegation contained in the Affidavit of Plaintiff should be deemed to have admitted by me unless I have specifically so admitted it in my Reply to the Complaint of Plaintiff.

4.      I submit that Plaintiff is not entitled to be granted any releifs either as prayed for by Plaintiff or otherwise.

5.      I verify that what is stated above, is true and correct.

Solemnly affirmed at Mumbai           )

this ___ day of April 2008              )

Before me,



ar/affidavit/biznah reshmumiya-aff.

N. N. KONKAR
Advocate & Notary
E. J. P. Nagar,
Ghatkopar (E); Mumbai-
Regn-108

| Print Message |

Close this window

**From** lawonkar@verizon.net
**Date** 2008/04/24 Thu PM 12:08:43 CDT
**To** atul.desai@kangacompany.com,atul.desai@kangacompany.com
**Subject** Re: Reply & Affidavit

Dear Mr. Desai,

Please e-mail us your contact information.

Phone No; Cell No and address.

Thanks
Onkar Sharma

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Elite Entertainment, INC, Suite 200 | ) | |
| 11211 Waples Mill Road, Fairfax, | ) | Case: 1 : 08 –cv-00641 |
| | | Assigned To : Urbina, Ricardo M. |
| Virginia – 22030, | ) | Assign. Date : 4/14/2008 |
| | | Description : TRO/P1 |
| Serve : Onkar  N. Sharma, Sharma | ) | |
| Law  Group, 9911 Georgia Avenue, | ) | |
| Silver Spring, MD – 20902 | ) | ... Plaintiff |

Versus

| | | |
|---|---|---|
| Himesh  Vipinbhai  Reshammiya | ) | |
| d/b/a Himesh Reshammiya, Movie | ) | |
| Culture, A – 501, Sea Shell | ) | |
| Apartments, Seven Bungalows, | ) | |
| Versova, Andheri (West), Mumbai – | ) | ... Defendant |
| 400 061. | | |

## REPLY OF THE DEFENDANT

Defendant,  Himesh  Vipinbhai  Reshammiya  replies to the Complaint of Plaintiff, Elite Entertainment, INC as follows :

1.     At  the  outset,  Defendant  submits  that  this  Hon'ble  court  has  no jurisdiction  to  entertain,  try  and  dispose  of  the  present  case  because Defendant is a permanent resident of Mumbai and citizen of India and the

e/amd/himesh-reply

Joint Venture Agreement dated 25th September 2006 (the Agreement) and the Deed of Partnership dated 9th November 2006 both made and executed by and between Plaintiff and Defendant were executed at Mumbai, India. Further, the Partnership was registered as a firm with the Registrar of Firms, Mumbai. A copy of the Partnership Deed is annexed hereto and marked as Annexure "1". Plaintiff has not produced this copy before the Court. Therefore, no cause of action has arisen within the local limits of this Hon'ble Court which gives jurisdiction to this Hon'ble Court and therefore the case be dismissed.

2. Defendant states that Deed of Partnership dated 9th November 2006 between Plaintiff and Defendant contains provisions for referring the disputes and differences between the parties to Arbitration and Plaintiff therefore be directed to initiate Arbitration Proceedings in India and the present case be dismissed.

3. Without prejudice to what is stated above and without submitting to the jurisdiction of this Hon'ble Court, Defendant states and submits as under:

4. With reference to paras – 1 and 2 of the Complaint, the same does not need a reply.

5. With reference to paras – 3 & 4 of the Complaint, Defendant denies that this Hon'ble Court has jurisdiction in the matter.

6. With reference to para – 5 (A) of the Complaint, of the Complaint, the same does not require a reply.

7.  With reference to para – 5 (B) (d) of the Complaint, Defendant states that the profits from the film were to be shared equally at 50% after return of Plaintiff's investment but all the losses, if any, were to be exclusively borne and suffered only by Plaintiff and Defendant was not bound to share any losses.

8.  Defendant states that clause 1 of the Agreement dated 25th September 2006 mentions that Defendant (the producer) shall not bear losses of the Joint Venture, if any. Similarly clause 5 of Partnership Deed between Plaintiff and Defendant also states that Plaintiff share of losses would be 100%.

9.  With reference to para – 5 (B) (e) of the Complaint, Defendant does not admit that investment of Plaintiff in the film was secured by Plaintiff's right to revenues from the Worldwide live performances and release of his other productions of Defendant.

10. Defendant states that a perusal of the Agreement and the Partnership Deed makes it absolutely clear that Defendant did not give any right to Plaintiff and Plaintiff does not have any right of security over the revenues from Defendant's Worldwide live performances and release of his other productions.

11. Defendant states that clause 7 of the Agreement, inter alia, provides that Defendant ( the Producer) in no way guarantees and/or accepts personal liability for the returns and/or losses in the said Venture.

12.  With reference to para – 5 (C) of the Complaint, Defendant craves leave to refer to and rely upon the Agreement dated September 25, 2006 and Partnership Deed to ascertain the true meaning and legal effect thereof.

13.  With reference to para –5 (D) of the Complaint, Defendant states that Plaintiff had agreed to invest about Indian Rs.40 crores in the joint production of the film. However Plaintiff invested about Indian Rs.31.70 crores only instead of Indian Rs.40.00 crores, while finally the cost of the production of the film was Indian Rs.38.45 crores. Defendant however completed the film even though Plaintiff did not invest the agreed sum of Indian Rs.40.00 crores.

14.  With reference to para – 5 (E) (F) & (G) of the Complaint, Defendant states that the Joint Venture was suffered losses to the extent of about Indian Rs.22.89 crores, still it is relevant to note that Defendant paid a sum of Indian Rs.7.5 crores and Plaintiff admits receipts of Rs.7.5 crores from Defendant out of the revenues generated by the film.

15.  With reference to para 5 (H) of the Complaint, Defendant states that on or about 28.02.2008 and again on 08.03.2008 Defendant had from Mumbai, India sent by Courier, "Fadex" accounts of all revenues and actual expenses together with copies of supporting documents to Plaintiff related to the film. Defendant denies that he has refused to provide such information to Plaintiff. Defendant states that as per clause 10 of Partnership Deed proper books of Account and Records are to be kept at

business premises, which are in Mumbai, India. Plaintiff is free to visit Mumbai and attend the business premises and inspect the original records.

16.     With reference to para 5 (I) of the Complaint, Defendant denies that he is obligated to provide to Plaintiff the accounts of all revenues and expenses of Defendant's Worldwide live performances and release of his other productions since 2006. Defendant denies that he has at any time confirmed to Plaintiff to secure Plaintiff's investment in the film. Defendant also denies that he has agreed to implement his alleged promise to return the investment to Plaintiff by providing to Plaintiff security on the revenues of Defendant's Worldwide live performances and release of his other production. Defendant repeats and reiterates that neither the Agreement nor the Partnership Deed make any such provision whereby Plaintiff can allege that he has security over the revenues of Defendant's Worldwide live performances and release of his other productions.

17.     With reference to para 5 (J) of the Complaint, Defendant states that he is not bound and liable to produce accounts of the revenues and expenses from his Worldwide live performances and release of his other productions since September 2006 or from any other date because Plaintiff has no right whatsoever over the revenues of Defendant's Worldwide live performances and release of his other productions.

18.     With reference to para- 5 (K) & (L) of the Complaint, Defendant states that he has furnished to Plaintiff Accounts of the film investment provided by Plaintiff to him.

19. With reference to para – 5 (M) of the Complaint, Defendant does not admit the allegations contained therein. In any case, Defendant repeats that as provided in the Agreement and the Partnership Deed all the losses have to be borne and shared by Plaintiff exclusively and Defendant is not bound and liable to bear and share any losses.

20. Defendant states that the film has suffered losses to the extent of Indian Rs.22.89 crores and the losses are required to be borne and suffered by Plaintiff alone.

21. With reference to para 5 (N) of the Complaint, Defendant repeats that he has furnished to Plaintiff accounts of Plaintiff's investment in the film. Defendant however denies that he is bound and liable to furnish to Plaintiff accounts of his other Worldwide live performances and release of his other productions.

22. With reference to para – 5 (O) of the Complaint, Defendant does not admit the allegations contained therein. In any case, Defendant submits that Plaintiff has no such right to demand from Defendant security over the revenue from Defendant's other Worldwide live performances and release of Defendant's other productions.

23. With reference to para – 6 of the Complaint, Defendant states that he is entitled to receive payments and retain them for his own benefit relating to his other Worldwide live performances and release of his other productions other than the film produced by the Joint Venture of Plaintiff

and Defendant. Defendant repeats that he has already furnished to Plaintiff the accounts of the Joint Venture and he is still ready and willing to furnish to Plaintiff the accounts of the Joint Venture.

24. With reference to para – 7 of the Complaint, Defendant states that it is correct that Plaintiff made investment in the Joint Venture but not to the full extent as agreed by Plaintiff.

25. With reference to para - 8 of the Complaint, Defendant repeats what is stated in reply to paras – 1 to 6 of the Complaint , as if, fully set forth herein.

26. With reference to paras – 9 to 11 of the Complaint, Defendant denies that he has released the film without giving credit to Plaintiff. Defendant states that due credit in all publicity material and in title of the Film was given to Plaintiff as the Producer of the Film and his Photograph was also published describing him as the Producer of the film.

27. With reference to para 12 to 17 of the Complaint, Defendant repeats that Defendant has furnished to Plaintiff accounts of the investment made by Plaintiff in the Joint Venture and has also paid to Plaintiff a sum of Indian Rs.7.5 crores. Defendant however denies that he is bound and liable to furnish to Plaintiff account of revenues from his other Worldwide live performances and release of his other productions as demanded by Plaintiff. Defendant repeats that the Agreement and Partnership Deed both do not make any provision giving any security to Plaintiff over the revenues of Defendant's other Worldwide live performances and release

of his other productions and Plaintiff is not entitled to demand accounts of revenues of Defendant's other Worldwide live performances and release of his other productions.

28. Defendant submits that he is not in breach of any provisions of the Agreement or Partnership Deed and has not acted contrary to the alleged rights of Plaintiff.

29. With reference to para – 18 of the Complaint, Defendant repeats what is stated in reply to paras 1 to 17 of the Complaint, as if, fully set forth herein.

30. With reference to paras – 19 to 22 of the Complaint, Defendant does not admit that he has failed to provide accounts and other relevant documents to Plaintiff. Defendant again states that Plaintiff does not have any security over the revenues from Defendant's other Worldwide live performances and release of his other productions and therefore Defendant is not bound and liable to submit to Plaintiff accounts of the revenues from his other Worldwide live performances and release of his other productions and therefore Defendant is not in breach of the Agreement and Partnership Deed.

31. With reference to para – 20 of the Complaint, Defendant does not admit that Plaintiff is entitled to put in the same position as demanded by Plaintiff. Defendant repeats that all the losses of the Joint Venture have to be borne and suffered by Plaintiff and Defendant is not bound and liable to put Plaintiff in the same position as demanded by Plaintiff.

32.    With reference to paras – 21 & 22 of the Complaint, Defendant states that
he has already furnished to Plaintiff accounts of the Joint Venture  and is
not bound and liable to furnish to Plaintiff  account of the revenues of his
other Worldwide live  performances  and release of his other  productions.

33.    With reference to para – 23 of the Complaint,  Defendant repeats what is
stated in answer  to paras 1 to 22 of the Complaint, as if fully set forth
herein.

34.    With reference to para 24 of the Complaint,  Defendant denies all the
allegations  contained  therein.    Defendant denies  that  he  is  alleged
unlawfully  retaining the accounts and supporting  documents  as alleged
by Plaintiff.  In any case, Defendant repeats that he is entitled to retain
with him the accounts and supporting documents  of the revenues  of his
other Worldwide live performances and release of his  other productions
and Plaintiff has no right whatsoever to demand the same from Defendant.

35.    With reference to paras – 25 & 26 of the Complaint,  Defendant denies all
the allegations contained therein and denies that his   conduct  allegedly
constitutes the tort  of conversion or tort of any other nature whatsoever.
Defendant repeats that he has already furnished to Plaintiff accounts of
the  Joint Venture  and he is not bound and liable to furnish accounts of
revenues from his other Worldwide live performances  and release of  his
other productions as demanded by Plaintiff.

36.    With reference to para – 27 of the Complaint,  Defendant repeats what is stated in answer to paras 1 to 26 of the Complaint, as if,  fully set forth herein.

37.    With reference to paras – 28 to 31 of the Complaint, Defendant denies that he is getting himself unjustly enriched as alleged by Plaintiff.  Defendant repeats that he has submitted to Plaintiff the accounts of revenues of the Joint Venture and has already paid to Plaintiff a sum of Indian Rs.7.5 crores and that Defendant is not bound and liable to furnish to Plaintiff accounts of revenues from his other Worldwide live performances and release of his other productions and Plaintiff has no right of any nature whatsoever over the said revenues or any part thereof.

38.    In the facts and circumstances mentioned above, Defendant submits that the claim of Plaintiff be dismissed and cost be awarded to Defendant.

Dated this 23rd day of April 2008

Place : Mumbai, India.

Respectfully submitted

by Himesh Vipinbhai Reshmmiya
Defendant.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Elite Entertainment, INC .. Plaintiff

Vs.
Himesh  Vipinbhai Reshammiya
..,. Defendant

**REPLY OF THE DEFENDANT**

Dated this 23rd day of April 2008

# EXHIBIT -3

**Print Message**

**Close this window**

**From** lawonkar@verizon.net
**Date** 2008/04/24 Thu AM 09:04:15 CDT
**To** atul.desai@kangacompany.com
**Subject** Re: Elite Entertainments Inc. v. Himesh Vipinbhai Reshammiya, Case 1:08-cv-00641]

Dear Mr.Desai,

Kindly note that we have proposed the hearing date of April 28,2008 at 10.00 a.m with reference to the court order and the forwarded
e-mails.

Thanks

Onkar Sharma
-------------------------------------------------------

From: lawonkar@verizon.net
Date: 2008/04/22 Tue PM 03:46:32 CDT
To: reshammiya@yahoo.com
Subject: Re: Elite Entertainments Inc. v. Himesh Vipinbhai Reshammiya, Case 1:08-cv-00641


Dear Mr. Reshammiya :

We enclose a copy of the court order directing the parties to submit by April 24, 2008, "a join proposed briefing schedule for the court's resolution of the plaintiff's outstanding motion for a preliminary injunction". (Copy of order dated April 18, 2008 is attached.)

The summons and complaint papers have been served on April 21, 2008 at your office attention: Mr. Rahul Sheth, who has indicated that he is authorized to accept the official documents on your behalf. We propose the hearing date of April 28, 2008 at 10.00 a.m. Kindly contact our office or have your attorney confirm the hearing date and/or participate in the telephone conference call with the contact information.
Your prompt attention in this matter is truly appreciated.

Onkar Nath Sharma

Sharma Law Group
9911 Georgia Avenue
Silver Spring,MD 20902
Phone: 301-593-1983
Fax: 301-681-1222
email:lawonkar@verizon.net

This electronic mail message, and any attachments transmitted with it, contain privileged and confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail, and delete all copies of this communication from your computer and network.
Thank You.

Download Attachment ELITE ENTERTAINMENT Vs. HIMESH VIPINBHAI.pdf

Print Message                                    Close this window

From DCD_ECFNotice@dcd.uscourts.gov
Date 2008/04/18 Fri AM 10:39:37 CDT
To DCD_ECFNotice@dcd.uscourts.gov
Subject Activity in Case 1:08-cv-00641-RMU ELITE ENTERTAINMENT, INC v. RESHAMMIYA Set/Reset Deadlines/Hearings

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 4/18/2008 at 11:39 AM and filed on 4/18/2008
Case Name:       ELITE ENTERTAINMENT, INC v. RESHAMMIYA
Case Number:     1:08-cv-641
Filer:
Document Number: No document attached

Docket Text:
**Set/Reset Deadlines/Hearings: Parties shall submit a join proposed briefing schedule for the Court's resolution of the plaintiff's outstanding motion for a preliminary injunction is due by 4/24/2008. (jwd)**

**1:08-cv-641 Notice has been electronically mailed to:**

Onkar Nath Sharma lawonkar@verizon.net

**1:08-cv-641 Notice will be delivered by other means to::**