UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF COLUMBIA

| | |
|---|---|
| ELITE ENTERTAINMENT, INC }<br>Suite 200 }<br>11211 Waples Mill Road }<br>Fairfax, Virginia -22030 }<br>    Serve:  Onkar N.Sharma }<br>            Sharma Law Group }<br>            9911 Georgia Avenue }<br>            Silver Spring. MD-20902 }<br>                    Plaintiff }<br>}<br>V. }<br>}<br>HIMESH VIPINBHAI RESHAMMIYA }<br> d/b/a Himesh Reshammiya }<br>Movie Culture }<br>A-501, Sea Shell Apartments }<br>Seven Bungalows, }<br>Versova, ANDHERI (West) }<br>MUMBAI -400 061 }<br>                  Defendant } | }Case No. 1:08-CV-00641 |

### PLAINTIFF'S ADDITIONAL SUPPLEMENT BRIEF IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Elite Entertainment, Inc. ("Elite") submits its additional supplemental brief in support of its motion for Preliminary Injunction as follows:

1)   This matter is before the Court and Elite's Motion for Preliminary injunction (the court has denied Elite's Motion for a temporary restraining order on April 18, 2008), to direct the defendant to provide a complete and true accounting of all revenue and expenses of the movie known as "Aap Ka Suror" and of all revenues of

the Worldwide Live Performance, and release of other productions". As discussed below, Elite has met its burden of demonstrating substantial likelihood of success, irreparable injury, likelihood of no substantial harm to the defendant, and the service of public interest required for the judicial intervention in the form of preliminary injunction:

> i) Defendant's Affidavit and Reply appended to Elite's in response to court order dated April 18, 2008, states (Reply Paragraph 23):
>
> "With reference Para-6 of the complaint, Defendant states that he is entitled to receive payments and retain them for his own benefit relating to his other Worldwide live performance and release of his other productions other than the film produced by the Joint Venture of Plaintiff and defendant. Defendant repeats that he <u>has already furnished the accounts of Joint Venture and he is still ready and willing furnish to Plaintiff the accounts of the Joint Venture</u>, (Emphasis added)."

Accordingly, Court has defendant's consent to enter an order directing delivery of the documents identified in Exh.B of the Complaint.

2) Owner of Elite, Mr. Vijay K. Taneja is faced at least two (2) court orders attaching his bank accounts including the bank accounts in the District of Columbia. The litigation in the United States District Court, Eastern District of Virginia was filed April 9, 2008. At the time of filing this action, Elite was not aware of the complaint and Ex-parte orders entered by USDC, Virginia. This litigation, among others, has identified the emergency situation faced by Mr.

2

Taneja, as a result of failure to recoup his investment in the "Aap Ka Suror" movie. The relief sought by Elite in the form of preliminary injunction for delivery of accounting and supporting documents related to the movie (the alleged Joint Venture), and Defendant's World Wide performances and other releases, is critical to viability of Mr. Taneja to continue to his regular business activities and conduct his activities. Production of the documents identified in Exhibits B&C of the Complaint is not likely to cause any harm to the Defendant. In his reply and affidavit, Defendant has failed to identify any harm that will result to him as a result of his providing the accounting and the supporting documents.

3) The basis for injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies. <u>Monument Realty LLC et.al v. WMATA,</u> USDC DC# 07-1821(EGS) order dated February 28, 2008, \_\_\_F.Sup.2d\_\_\_ (2008), citing <u>Wis. Gas Co. V. FERC,</u> 758 F 2d 669, 674(D.C.Cir.1985). Mr. Taneja's injury is irreparable, and he has no other legal remedy to address the emergency resulting from the attachment of his bank accounts. A completed documentation of accounting will enable Mr. Taneja to demonstrate his financial strength or lack thereof.

4)   In CSX Transportation, Inc. v. Anthony Williams et.al. 406 F.3d 667 (D.C.Cir.2005), the Court in reversing the denial of preliminary injunction by the United States District Court for the District of Columbia, the court stated:

> In considering whether to grant preliminary Injunctive relief, the court must consider whether: (1) the party seeking the injunction has a substantial likelihood of success on the writs; 2) the party seeking injunction will be irreparably injured if relief is withheld; (3) an injunction will not substantially harm other parties; and (4) an injunction would further public interest. See Serono Labs, Inc. v. Shalala, 158 F.2d. 1313, 1317-18, D.C. Authority v. Holiday Tours, Inc. 559 F.2d 841, 843 (D.C.Cir 1977). The test is flexible one. "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak. " City fed Fin. Corp. v. Office of Thrift Supervision, 58F. 3d 738,747 (D.C.Cir.1995). We have often recognized that injunctive relief may be justified, for example, "where thee is particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury". Id. The foregoing factors should be balanced on a "sliding scale", i.e. pesser showing on one factor can be surrounded by a greater showing another factor.

5)   Mr. Taneja's injury is properly considered irreparable. See Danielson v. Local 275, 479 F.2d 1033, 1037 (2nd Cir.1973) ("irreparable injury is suffered when monetary damages are difficult to ascertain or inadequate", see Long Island R.R.Co. v. Intl Association of Machinists, 874 F 2d 9D, 911 (2nd Cir.1989). Mr. Taneja's damages are difficult to ascertain at time when he is facing attachments of his bank accounts by the two(2) court orders.

4

For all the forgoing reasons, Plaintiff prays entry of an order directing defendant to deliver to Elite, by May 9, 2008, Accounting and supporting documents identified in Exh. B &C of the Complaint and Attached hereto.

|  |  |
|---|---|
| Date: May 2, 2008 | Respectfully Submitted<br>Sharma Law Group |
|  | By_____<br>Onkar N.Sharma<br>Bar # 21780 |

Sharma Law Group
9911 Georgia Avenue
Silver Spring
MD-20902
Phone: 301-593-1983
Fax 301-681-1222

**CERTIFICATE OF SERVICE**

**I HEREBY** certify that on this 2nd day of May, 2008, I have sent a copy of the foregoing Plaintiff's Additional Supplement Brief in Support of Motion for a Preliminary Injunction by e.mail and by Overnight Courier/First Class postage prepaid/hand delivered to :

    1) Atul Desai, Esquire

       (by email: atul.desai@kangacompany.com)

    2) By email: reshammiya@yahoo.com
       Mr. Himesh Vipinbhai Reshammiya
       d/b/a Himesh Reshammiya Movie Culture
       A-501, Sea Shell Apartments
       Seven Bungalows,
       Versova, Andheri (West)
       MUMBAI -400 061, India

                                             Onkar N.Sharma

## EXHIBIT –B

## ACCOUNTING AND SUPPORTING DOCUMENTS RELATED TO THE FILM: AAP KA SURROR (The Real Luv Story)

1) Bank Statements from September 2006 to Current for Account Numbers:

   i) 110-050978-001, Hong Kong & Sanghai Banking Corp.Ltd. Lokhandwala Branch, Andheri (West), Mumbai, India.

   ii) All Accounts maintained by Himesh V. Reshaammiya d/b/a Reshammiya Movie Culture with Dutsche Bank, and all other banks.

   iii) All cancelled checks.

2) Evidence of all actual expenses e.g invoices, voucher and proof of payment of each expense items by cancelled check or other evidence of receipt for payment of actual expenses including but not limited to payments to each Artist, Director and his team, Technicians, Lab Editing, still photo and stock, music, travelling within and outside India, setting and properties, action and thriller expenses, costume for Artists, Dancers, Junior Artist, automobile expense, professional fees, conveyance, insurance, printing and stationary, promo, launch and distribution expenses, hotel charges, food expenses, and sound and light charges.

3) All files, books of records, documents, maintained in the regular course of business since September 2006.

4) All financial statements audited and/or unaudited since September 2006.

5) All tax returns since September 2006.

6) All items supplemented upon completion of discovery.

7

# EXHIBIT –C

## ACCOUNTING OF ALL REVENUES FROM THE WORLDWIDE LIVE PERFORMANCES AND RELEASE OF OTHER PRODUCTION BY HIMESH

1) List of each live performance of Himesh since September 2006.

2) List each production released by Himesh since September 2006.

3) Bank statements from September 2006 to current for all bank account maintained by Himesh V. Rashammiya and / or Rashammiya Movie Culture to deposit the revenues generated by items 1 and 2 above.

4) All files, books of records documents for item 1 and 2 above, maintained in the regular course of business.

5) All financial statement audited and/or unaudited for item 1 and 2 above.

6) All tax returns since September 2006.

7) All items supplemented upon completion of discovery.

8