UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Elite Entertainment, INC, Suite 200   ) | |
| 11211 Waples Mill Road, Fairfax,    ) | Case: 1 : 08 –cv-00641 |
|                                     ) | Assigned To : Urbina, Ricardo M. |
| Virginia – 22030,                   ) | |
| Serve : Onkar N. Sharma, Sharma    ) | |
| Law Group, 9911 Georgia Avenue,    ) | |
| Silver Spring, MD – 20902           ) ... Plaintiff | |
| Versus | |
| Himesh Vipinbhai Reshammiya         ) | |
| d/b/a Himesh Reshammiya, Movie      ) | |
| Culture, A – 501, Sea Shell         ) | |
| Apartments, Seven Bungalows,        ) | |
| Versova, Andheri (West), Mumbai –   ) ... Defendant | |
| 400 061. | |

## REPLY OF THE DEFENDANT

Defendant, Himesh Vipinbhai Reshammiya replies to the Complaint of Plaintiff, Elite Entertainment, INC as follows :

1. At the outset, Defendant submits that this Hon'ble court has no jurisdiction to entertain, try and dispose of the present case because Defendant is a permanent resident of Mumbai and citizen of India and the

Joint Venture Agreement dated 25th September 2006 (the Agreement) and the Deed of Partnership dated 9th November 2006 both made and executed by and between Plaintiff and Defendant were executed at Mumbai, India. Further, the Partnership was registered as a firm with the Registrar of Firms, Mumbai. A copy of the Partnership Deed is annexed hereto and marked as Annexure "1". Plaintiff has not produced this copy before the Court. Therefore, no cause of action has arisen within the local limits of this Hon'ble Court which gives jurisdiction to this Hon'ble Court and therefore the case be dismissed.

2. Defendant states that Deed of Partnership dated 9th November 2006 between Plaintiff and Defendant contains provisions for referring the disputes and differences between the parties to Arbitration and Plaintiff therefore be directed to initiate Arbitration Proceedings in India and the present case be dismissed.

3. Without prejudice to what is stated above and without submitting to the jurisdiction of this Hon'ble Court, Defendant states and submits as under:

4. With reference to paras – 1 and 2 of the Complaint, the same does not need a reply.

5. With reference to paras – 3 & 4 of the Complaint, Defendant denies that this Hon'ble Court has jurisdiction in the matter.

6. With reference to para – 5 (A) of the Complaint, of the Complaint, the same does not require a reply.

7. With reference to para – 5 (B) (d) of the Complaint, Defendant states that the profits from the film were to be shared equally at 50% after return of Plaintiff's investment but all the losses, if any, were to be exclusively borne and suffered only by Plaintiff and Defendant was not bound to share any losses.

8. Defendant states that clause 1 of the Agreement dated 25th September 2006 mentions that Defendant (the producer) shall not bear losses of the Joint Venture, if any. Similarly clause 5 of Partnership Deed between Plaintiff and Defendant also states that Plaintiff share of losses would be 100%.

9. With reference to para – 5 (B) (e) of the Complaint, Defendant does not admit that investment of Plaintiff in the film was secured by Plaintiff's right to revenues from the Worldwide live performances and release of his other productions of Defendant.

10. Defendant states that a perusal of the Agreement and the Partnership Deed makes it absolutely clear that Defendant did not give any right to Plaintiff and Plaintiff does not have any right of security over the revenues from Defendant's Worldwide live performances and release of his other productions.

11. Defendant states that clause 7 of the Agreement, inter alia, provides that Defendant ( the Producer) in no way guarantees and/or accepts personal liability for the returns and/or losses in the said Venture.

12. With reference to para – 5 (C) of the Complaint, Defendant craves leave to refer to and rely upon the Agreement dated September 25, 2006 and Partnership Deed to ascertain the true meaning and legal effect thereof.

13. With reference to para –5 (D) of the Complaint, Defendant states that Plaintiff had agreed to invest about Indian Rs.40 crores in the joint production of the film. However Plaintiff invested about Indian Rs.31.70 crores only instead of Indian Rs.40.00 crores, while finally the cost of the production of the film was Indian Rs.38.45 crores. Defendant however completed the film even though Plaintiff did not invest the agreed sum of Indian Rs.40.00 crores.

14. With reference to para – 5 (E) (F) & (G) of the Complaint, Defendant states that the Joint Venture was suffered losses to the extent of about Indian Rs.22.89 crores, still it is relevant to note that Defendant paid a sum of Indian Rs.7.5 crores and Plaintiff admits receipts of Rs.7.5 crores from Defendant out of the revenues generated by the film.

15. With reference to para 5 (H) of the Complaint, Defendant states that on or about 28.02.2008 and again on 08.03.2008 Defendant had from Mumbai, India sent by Courier, "Fadex" accounts of all revenues and actual expenses together with copies of supporting documents to Plaintiff related to the film. Defendant denies that he has refused to provide such information to Plaintiff. Defendant states that as per clause 10 of Partnership Deed proper books of Account and Records are to be kept at

business premises, which are in Mumbai, India. Plaintiff is free to visit Mumbai and attend the business premises and inspect the original records.

16. With reference to para 5 (I) of the Complaint, Defendant denies that he is obligated to provide to Plaintiff the accounts of all revenues and expenses of Defendant's Worldwide live performances and release of his other productions since 2006. Defendant denies that he has at any time confirmed to Plaintiff to secure Plaintiff's investment in the film. Defendant also denies that he has agreed to implement his alleged promise to return the investment to Plaintiff by providing to Plaintiff security on the revenues of Defendant's Worldwide live performances and release of his other production. Defendant repeats and reiterates that neither the Agreement nor the Partnership Deed make any such provision whereby Plaintiff can allege that he has security over the revenues of Defendant's Worldwide live performances and release of his other productions.

17. With reference to para 5 (J) of the Complaint, Defendant states that he is not bound and liable to produce accounts of the revenues and expenses from his Worldwide live performances and release of his other productions since September 2006 or from any other date because Plaintiff has no right whatsoever over the revenues of Defendant's Worldwide live performances and release of his other productions.

18. With reference to para- 5 (K) & (L) of the Complaint, Defendant states that he has furnished to Plaintiff Accounts of the film investment provided by Plaintiff to him.

19. With reference to para – 5 (M) of the Complaint, Defendant does not admit the allegations contained therein. In any case, Defendant repeats that as provided in the Agreement and the Partnership Deed all the losses have to be borne and shared by Plaintiff exclusively and Defendant is not bound and liable to bear and share any losses.

20. Defendant states that the film has suffered losses to the extent of Indian Rs.22.89 crores and the losses are required to be borne and suffered by Plaintiff alone.

21. With reference to para 5 (N) of the Complaint, Defendant repeats that he has furnished to Plaintiff accounts of Plaintiff's investment in the film. Defendant however denies that he is bound and liable to furnish to Plaintiff accounts of his other Worldwide live performances and release of his other productions.

22. With reference to para – 5 (O) of the Complaint, Defendant does not admit the allegations contained therein. In any case, Defendant submits that Plaintiff has no such right to demand from Defendant security over the revenue from Defendant's other Worldwide live performances and release of Defendant's other productions.

23. With reference to para – 6 of the Complaint, Defendant states that he is entitled to receive payments and retain them for his own benefit relating to his other Worldwide live performances and release of his other productions other than the film produced by the Joint Venture of Plaintiff

and Defendant. Defendant repeats that he has already furnished to Plaintiff the accounts of the Joint Venture and he is still ready and willing to furnish to Plaintiff the accounts of the Joint Venture.

24. With reference to para – 7 of the Complaint, Defendant states that it is correct that Plaintiff made investment in the Joint Venture but not to the full extent as agreed by Plaintiff.

25. With reference to para - 8 of the Complaint, Defendant repeats what is stated in reply to paras – 1 to 6 of the Complaint, as if, fully set forth herein.

26. With reference to paras – 9 to 11 of the Complaint, Defendant denies that he has released the film without giving credit to Plaintiff. Defendant states that due credit in all publicity material and in title of the Film was given to Plaintiff as the Producer of the Film and his Photograph was also published describing him as the Producer of the film.

27. With reference to para 12 to 17 of the Complaint, Defendant repeats that Defendant has furnished to Plaintiff accounts of the investment made by Plaintiff in the Joint Venture and has also paid to Plaintiff a sum of Indian Rs.7.5 crores. Defendant however denies that he is bound and liable to furnish to Plaintiff account of revenues from his other Worldwide live performances and release of his other productions as demanded by Plaintiff. Defendant repeats that the Agreement and Partnership Deed both do not make any provision giving any security to Plaintiff over the revenues of Defendant's other Worldwide live performances and release

of his other productions and Plaintiff is not entitled to demand accounts of revenues of Defendant's other Worldwide live performances and release of his other productions.

28. Defendant submits that he is not in breach of any provisions of the Agreement or Partnership Deed and has not acted contrary to the alleged rights of Plaintiff.

29. With reference to para – 18 of the Complaint, Defendant repeats what is stated in reply to paras 1 to 17 of the Complaint, as if, fully set forth herein.

30. With reference to paras – 19 to 22 of the Complaint, Defendant does not admit that he has failed to provide accounts and other relevant documents to Plaintiff. Defendant again states that Plaintiff does not have any security over the revenues from Defendant's other Worldwide live performances and release of his other productions and therefore Defendant is not bound and liable to submit to Plaintiff accounts of the revenues from his other Worldwide live performances and release of his other productions and therefore Defendant is not in breach of the Agreement and Partnership Deed.

31. With reference to para – 20 of the Complaint, Defendant does not admit that Plaintiff is entitled to put in the same position as demanded by Plaintiff. Defendant repeats that all the losses of the Joint Venture have to be borne and suffered by Plaintiff and Defendant is not bound and liable to put Plaintiff in the same position as demanded by Plaintiff.

32. With reference to paras – 21 & 22 of the Complaint, Defendant states that he has already furnished to Plaintiff accounts of the Joint Venture and is not bound and liable to furnish to Plaintiff account of the revenues of his other Worldwide live performances and release of his other productions.

33. With reference to para – 23 of the Complaint, Defendant repeats what is stated in answer to paras 1 to 22 of the Complaint, as if fully set forth herein.

34. With reference to para 24 of the Complaint, Defendant denies all the allegations contained therein. Defendant denies that he is alleged unlawfully retaining the accounts and supporting documents as alleged by Plaintiff. In any case, Defendant repeats that he is entitled to retain with him the accounts and supporting documents of the revenues of his other Worldwide live performances and release of his other productions and Plaintiff has no right whatsoever to demand the same from Defendant.

35. With reference to paras – 25 & 26 of the Complaint, Defendant denies all the allegations contained therein and denies that his conduct allegedly constitutes the tort of conversion or tort of any other nature whatsoever. Defendant repeats that he has already furnished to Plaintiff accounts of the Joint Venture and he is not bound and liable to furnish accounts of revenues from his other Worldwide live performances and release of his other productions as demanded by Plaintiff.

36. With reference to para – 27 of the Complaint, Defendant repeats what is stated in answer to paras 1 to 26 of the Complaint, as if, fully set forth herein.

37. With reference to paras – 28 to 31 of the Complaint, Defendant denies that he is getting himself unjustly enriched as alleged by Plaintiff. Defendant repeats that he has submitted to Plaintiff the accounts of revenues of the Joint Venture and has already paid to Plaintiff a sum of Indian Rs.7.5 crores and that Defendant is not bound and liable to furnish to Plaintiff accounts of revenues from his other Worldwide live performances and release of his other productions and Plaintiff has no right of any nature whatsoever over the said revenues or any part thereof.

38. In the facts and circumstances mentioned above, Defendant submits that the claim of Plaintiff be dismissed and cost be awarded to Defendant.

Dated this 23rd day of April 2008

Place : Mumbai, India.

Respectfully submitted

by Himesh Vipinbhai Reshmmiya
Defendant.

The Bank of Rajasthan Limited.
105/106 Business Classic,
1st Floor, Chincholi, Malad (W),
Mumbai-400 064.

D-5/STP(V)/C.R.1001/16/05/1473-75

# PARTNERSHIP DEED

भारत 25369
161414
INDIA

SPECIAL ADHESIVE
महाराष्ट्र
NOV 09 2006
09:50
Rs.0005000/- PB5109

STAMP DUTY  MAHARASHTRA

THE BANK OF RAJASTHAN LTD.
Authorised Signatory.

THIS INDENTURE OF PARTNERSHIP is made and entered into, Mumbai this 9th Day of NOVEMBER 2006; BY AND BETWEEN : (1) **SHRI HIMESH VIPINBHAI RESHAMMIYA**, an Adult Indian Inhabitant of Mumbai, residing at A-501, Sea Shell Apartments C.H.S., Seven Bunglows, Versova, Andheri (West), Mumbai - 400061; hereinafter referred to as the Party of the FIRST PART, AND (2) **SHRI VIJAY TANEJA** a non resident Indian, having address 11211 Waples Mill Road no.200, Fairfax VA 22030 U.S.A. and President of Elite Entertainment Inc. U.S.A., hereinafter referred to as the party of the SECOND PART. (This expression shall unless be repugnant to the context or meaning thereof shall be deemed to mean and include their respective, heirs, executors, administrators, and permitted assigns)

1 of 4

WHEREAS the parties hereto are desirous of carrying on business in partnership under the firm name and style of **HIMESH RESHAMMIYA MOVIE CULTURE** with effect from 25th September 2006 to produce a film titled **"AAP KAA SURROOR, The Moviee THE REAL LUV STORY"** (hereinafter referred to as the "Movie") For this purpose parties hereto have entered into joint venture agreement dated 25/9/2006. In addition to the joint venture agreement they want to enter in to the partnership agreement.

The Party of the second part has agreed to finance the project cost (which shall not be more than Rs. 40 Crores) hence he will be the financing partner and party of the first part shall be the creative partner.

AND WHEREAS, THE PARTIES HERETO ARE NOW DESIROUS OF REDUCING THE TERMS AND CONDITIONS INTO WRITING AS UNDER:

1) **NAME & PLACE OF BUSINESS:** The Partnership business shall be carried on under the name and style of **HIMESH RESHAMMIYA MOVIE CULTURE** having office at 10, Shreenathji Kutir, Mhada Bungalows Colony, Near Lokhandwala Telephone Exchange, Sardar Vallabhai Patel Nagar, Andheri (West), Mumbai – 400058 or at any other place or places as may be mutually decided by the parties here to from time to time.

2) **COMMENCEMENT:** The partnership shall be deemed to have commenced with effect from 25TH September 2006.

3) **DURATION:** The duration of partnership shall be "AT WILL".

4) **NATURE OF BUSINESS:** The Partnership firm shall initially be engaged to produce a feature film titled **"AAP KAA SURROOR, The Moviee, THE REAL LUV STORY"** and its release and/or sale of various distribution rights and/or any other business/businesses as the parties hereto may from time to time decide. The decision for sale of distribution rights of the said film shall be taken by both the parties Jointly.

5) **PROFIT & LOSSES SHARING RATIO:** At the end of the accounting year, profit and loss account shall be prepared and the Net profits or losses of the partnership business shall be divided and apportioned amongst the partners as under:

|  | Share of Profit | Share of Loss |
|---|---|---|
| (A) SHRI HIMESH V. RESHAMMIYA | 50 % | NIL |
| (B) SHRI VIJAY TANEJA | 50 % | 100 % |
|  | **100 %** | **100 %** |

2 of 4

6) All the producers' rights including intellectual property rights, copy rights etc. of the Film shall be shared equally by both the partners in perpetuity.

7) **CAPITAL:** Total Capital of Rs. 40 Crores shall be brought in by the party of the Second Part i.e. Shri Vijay Taneja free of interest. If the project cost of production of the film goes in excess of Rs. 40 Crores then the party of the First Part i.e. Shri Himesh Reshammiya shall have to bring in the required capital in excess of Rs. 40 Crores.

8) The party of the first part shall be the creative (i.e. working) partner, therefore it is the responsibility of the party of the first part to look after &manage all the aspects of the production of the film.

9) **DRAWINGS:** The party of the second part shall have first right to receive his investment amount of Rs. 40 crores from the sale of various distribution and exhibition rights of the movie. And thereafter both the partners shall withdraw equally from the profit of the firm from the said film.

10) **BOOKS OF ACCOUNTS:** Proper books of accounts and records shall be maintained and kept at the business premises.

11) **ACCOUNTING YEAR:** The accounting year of the firm shall be the financial year every year during the period of the partnership.

12) **BANK ACCOUNT:** The bankers of the partnership shall be such bank or banks as the party of first part may decide and shall be operated by the party of the first part for the smooth running of the production of the said film.

13) It is agreed by and between the partners that all the transactions in the Himesh Reshammiya Movie Account prior to opening of Bank Account in the name of the firm shall be considered as the transaction of the firm and accordingly recorded in the books of accounts of the firm.

14) **DEATH & INSOLVENCY OF PARTNERS:** On death, or insolvency of any partner, firm shall not be dissolved and it will be reconstituted with after admitting one or more parties or nominated legal heirs of the deceased partner with the consent of the remaining partner and the legal heir of the deceased or insolvent partner.

15) As the party of the first part is the creative and managing partner, the party of the first part shall indemnify the party of the second part against any third party claim in respect of the transactions of the firm.

16) Each partner hereto has entered into partnership in his individual capacity and not in any representative capacity.

17) Any partner/s committing any breach of any of the foregoing clauses/stipulations of this Deed and/or any loss caused to the firm by its fraudulent conduct shall indemnify the other partner and the firm from all losses and expenses on account thereof.



3 of 4

18) No partner shall without the previous written consent of the other partner shall be entitled to have authority :-

   a) To enter into partnership or joint venture on behalf of the firm,

   or

   b) To admit any other person or persons in the firm or make sub-partner.

19) **ARBITRATION:** All disputes and differences and questions whatsoever which shall either during the continuation of partnership or thereafter arise between partners or their respective representatives touching these presents or things herein contained or on any account or assets, debts, or liabilities to be made hereunder or as to any act, deed, or commission of any partner relating to the partnership business or affairs thereof or the rights, duties or liabilities of any person under this presents shall be referred to a single arbitrator in case the parties agree upon or otherwise to as many arbitrators as there are parties to difference and award of umpire appointed by arbitrators shall be binding on the parties hereto. Such arbitrators shall take place in accordance with provisions of the Indian Arbitrators Act, 1940 or statutory modification thereof for the time being in force.

IN WITNESS WHEREOF the parties hereto have signed and subscribed their respective names on the date, month and year first above written.

SIGNED, SEALED AND DELIVERED BY         )
The within Named                         )
SHRI HIMESH V. RESHAMMIYA                )
In the presence of .......................)
..................................................)

SIGNED, SEALED AND DELIVERED BY         )
The within Named                         )
SHRI VIJAY TANEJA                        )
In the presence of ....ANIL KUMAR.........)
..................................................)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Elite Entertainment, INC .. Plaintiff

Vs.
Himesh Vipinbhai Reshammiya
.... Defendant

**REPLY OF THE DEFENDANT**

Dated this 23rd day of April 2008

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| Elite Entertainment, INC, Suite 200 ) | |
| 11211 Waples Mill Road, Fairfax, ) | Case: 1 : 08 –cv-00641 |
| Virginia – 22030, ) | Assigned To : Urbina, Ricardo M. |
| | Assign. Date : 4/14/2008 |
| | Description : TRO/P1 |
| Serve : Onkar N. Sharma, Sharma ) | |
| Law Group, 9911 Georgia Avenue, ) | |
| Silver Spring, MD – 20902 ) | ... Plaintiff |
| Versus | |
| Himesh Vipinbhai Reshammiya ) | |
| d/b/a Himesh Reshammiya, Movie ) | |
| Culture, A – 501, Sea Shell ) | |
| Apartments, Seven Bungalows, ) | |
| Versova, Andheri (West), Mumbai – ) | |
| 400 061. | ... Defendant |

## AFFIDAVIT OF HIMESH VIPINBHAI RESHAMMIYA

I, Himesh Vipinbhai Reshammiya of Mumbai Indian Inhabitant age __36__ years do hereby solemnly affirm and say as under:

2. I repeat, reiterate and confirm all the statements and submissions made by me in my Reply to the Complaint filed by Plaintiff, as if, fully set forth herein.

3. I have also read a copy of the Affidavit of Plaintiff affirmed on 11th April 2008 and I again repeat, reiterate and confirm what is stated by me in my Reply to the Complaint filed by Plaintiff and I deny all the submissions and allegations contained in the Affidavit of Plaintiff which are in any way contrary to or inconsistent with what is stated by me in my Reply to the Complaint filed by Plaintiff. I submit that no statement and allegation contained in the Affidavit of Plaintiff should be deemed to have admitted by me unless I have specifically so admitted it in my Reply to the Complaint of Plaintiff.

4. I submit that Plaintiff is not entitled to be granted any releifs either as prayed for by Plaintiff or otherwise.

5. I verify that what is stated above, is true and correct.

Solemnly affirmed at Mumbai      )

this ___ day of April 2008      )

Before me,



sr/affidavit/himesh reshammiya-aff.

N. N. KONKAR
Advocate & Notary
J. P. Nagar,
Goregaon (E); Mumbai
Regn- 108